NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNKAI WANG,

Wang,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-73130

Agency No. A201-046-626

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2021**
Pasadena, California

Before:  R. NELSON and VANDYKE, Circuit Judges, and SCHREIER,*** District
Judge.

Junkai Wang, a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming an Immigration Judge's denial

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

of his applications for asylum and withholding of removal under the Immigration and Nationality Act, and deferral of removal under the Convention Against Torture ("CAT"). "We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). This means that for us "to reverse such a finding we must find that the evidence not only supports a contrary conclusion, but compels it." *Id.* (cleaned up). "In assessing an adverse credibility finding . . . we must look to the totality of the circumstances and all relevant factors." *Alam v. Garland*, ___ F.4th ___, No. 19-72744, 2021 WL 4075331, at *5 (9th Cir. 2021) (en banc) (cleaned up).

Wang admits that he lied under oath when he first claimed to have lived in New York for "around five days," before later conceding, when confronted with contrary evidence, that he lived there "three to four months." His only explanation for his dishonesty was that his prior counsel instructed him to lie. The IJ noticed that Wang appeared to have a different demeanor when he lied. For example, when asked "a question about New York, [Wang would] turn [his] head and pull [his] ear." *See Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) ("an IJ may base an adverse credibility determination on the demeanor . . . of the applicant"

2

and the "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review" (cleaned up)). The IJ found this to be a material misstatement under oath because this could represent forum shopping and impact which immigration judge heard Wang's petition. And "even minor inconsistencies going to the heart of a petitioner's claim may, when considered collectively, deprive the claim of the requisite ring of truth." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (cleaned up).

Wang also provided conflicting testimony and documentation about his participation in the Social Democratic Party ("SDP"). Although Wang testified that he only "attended their meeting once," he previously provided documentation indicating he was "on the staff" of the group, and a letter from the group said he "help[ed] organize events and prepare materials . . . [and] consistently and actively participated in many of the protests and marches." The IJ once again noticed a change in Wang's demeaner when discussing his involvement, remarking that "when the Government" was questioning Wang about the SDP, "it looked like [Wang was] trying not to laugh." When confronted with this discrepancy, Wang explained that the SDP taught him to lie about his involvement in the group and that his former counsel had urged him to include documents suggesting he had greater involvement in the group. *See Manes v. Sessions*, 875 F.3d 1261, 1264–65 (9th Cir. 2017) (petitioner "cannot dispel an inconsistency between his testimony

3

and the evidence of record by attempting to discredit the reliability of his own evidence after the fact"). While Wang did not ultimately rely on his involvement with this group in his claims, his repeated explanation that he had been coached to lie to the IJ reflects negatively on his credibility.

Taken together, substantial evidence supports the BIA's adverse credibility determination. And without his credible testimony, Wang fails to establish his eligibility for asylum, withholding of removal, or relief under CAT.

**PETITION DENIED.**